Filed 6/25/13  In re Z.G. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Z.G., a Person Coming Under the Juvenile Court Law. | B245353 (Los Angeles County Super. Ct. No. CK84018) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>D.G.,<br><br>    Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark A. Borenstein, Judge.  Reversed with directions.

Konrad S. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel and Frank J. DaVanzo, Deputy County Counsel for Plaintiff and Respondent.

D.G., the father of Z.G., appeals from a Welfare and Institutions Code section 366.26 parental rights termination order. The father contends there was noncompliance with the Indian Child Welfare Act and related California provisions. The Department of Children and Family Services agrees. We agree likewise. (*In re Marinna J.* (2001) 90 Cal.App.4th 731, 736-740; *In re Desiree F.* (2000) 83 Cal.App.4th 460, 471-472.) The parental termination rights order is reversed. Upon remittitur issuance, the juvenile court is to comply with the federal Indian Child Welfare Act requirements and related state provisions. If no tribe seeks to intervene, the juvenile court is to reinstate the parental termination rights order. (*In re Gabriel G.* (2012) 206 Cal.App.4th 1160, 1168; *In re Francisco W.* (2006) 139 Cal.App.4th 695, 708.) We leave the issue of what to do if a tribe asserts jurisdiction over the child in the good hands of the juvenile court.

The parental termination rights order is reversed. Upon remittitur issuance, the juvenile court is to comply with the requirements imposed by the Indian Child Welfare Act and related state provisions. If no tribe seeks to intervene, the juvenile court is to reinstate the parental termination rights order.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


KRIEGLER, J.                                    O'NEILL, J.[*]

---

[*]     Judge of the Ventura County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.